IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN<br>5613 Hoag Place<br>Davis, CA 95618<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE<br>1400 Independence Ave SW<br>Washington, D.C. 20250<br><br>            Defendant. | Case No: 22-cv-0142 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff American Wild Horse Campaign ("AWHC") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Forest Service (hereinafter "USFS") in failing to provide AWHC with all non-exempt records responsive to its July 21, 2020, FOIA request to this federal agency, seeking copies of records of expenditures for the roundup, holding, and transportation of wild horses removed from the Devil's Garden Wild Horse Territory.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, American Wild Horse Campaign, is a non-profit organization that, at all times relevant herein, has been headquartered in Davis, California.

5. Defendant United States Forest Service is federal agency of the United States, and sub-component of the United States Department of Agriculture, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On or about July 21, 2020, American Wild Horse Campaign (AWHC) sent a FOIA request to the United States Forest Service (USFS), seeking copies of records of expenditures for the roundup, holding, and transportation of wild horses removed from the Devil's Garden Wild Horse Territory.

14. On or about August 27, 2020, AWHC sent an email to USFS, inquiring as to whether the agency had received Plaintiff's July 21, 2020, FOIA request.

15. On or about August 27, 2020, AWHC received an email confirming that Plaintiff's request was received on July 22, 2020 and assigned tracking number 2020-FS-R5-06035-F.

16. On or about October 16, 2020, AWHC received an email with a final response dated October 8, 2020, releasing some records and redacting others.

17. On or about December 8, 2020, Plaintiff appealed Defendant's October 8, 2020, final decision to the Chief of the United States Department of Agriculture Forest Service (USDA).

18. On or about December 9, 2020, AWHC received an email from USDA acknowledging Plaintiff's FOIA appeal, and assigning it tracking number 2021-FS-WO-00032-A.

19. On or about December 9, 2020, AWHC emailed USDA requesting an

estimated date of completion for its December 8, 2020 administrative appeal.

20. On or about December 9, 2020, USDA emailed Plaintiff indicating that Plaintiff needed to email its FOIA case manager to obtain the status of their December 8, 2020 FOIA appeal.

21. On or about December 10, 2020, AWHC representative emailed Eileen Harke, the USDA case manager for Plaintiff's December 8, 2020 FOIA administrative appeal, requesting when it could expect an administrative decision to this FOIA appeal matter.

22. On or about December 14, 2020, USDA emailed AWHC indicating that it could not provide an estimated date of completion for AWHC's December 8, 2020 FOIA appeal.

23. On or about January 29, 2021, AWHC emailed USDA, once again requesting the status of its December 8, 2020 administrative appeal, as well as asking for an estimated completion date.

24. On or about February 1, 2021, AWHC received an email from USDA, indicating that it was still processing their December 8, 2020 FOIA appeal, but that it did not have an estimated date as to when their FOIA appeal decision would be issued.

25. On or about April 12, 2021, AWHC emailed USDA again requesting the status of its December 8, 2020 administrative appeal, as well as asking for an estimated completion date.

26. On or about April 24, 2021, USDA representative emailed AWHC, stating

that USDA was still processing their December 8, 2020 FOIA appeal, and did not have an estimated date of completion.

27. On or about June 28, 2021, AWHC sent an email to USDA, once again inquiring as to the status and estimated date of completion of its December 8, 2020, FOIA appeal.

28. On or about July 9, 2021, USDA sent email to AWHC, informing Plaintiff that it was still processing their December 8, 2020 FOIA appeal.

29. As of the date of the filing of this action, Plaintiff AWHC has not received a final answer to its December 8, 2020 FOIA administrative appeal, nor all of the records which it requested in its July 21, 2020, FOIA request to the USFS.

## VII. CLAIMS FOR RELIEF

30. AWHC realleges, as if fully set forth herein, paragraphs 1-29 previously set forth herein.

31. Defendant USFS has violated FOIA by failing to provide AWHC with all non-exempt responsive records for its July 21, 2020, FOIA request.

32. By failing to provide AWHC with all non-exempt responsive record to its July 21, 2020, FOIA request as described in paragraph 13 above, Defendant USFS has denied AWHC's right to this information as provided by the Freedom of Information Act.

33. Defendant USFS has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's July 21, 2020, FOIA

request.

34. By failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's July 21, 2020, FOIA request, Defendant USFS has denied AWHC's right to this information as provided by law under the Freedom of Information Act.

35. Unless enjoined by this Court, Defendant USFS will continue to violate AWHC's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

36. AWHC is directly and adversely affected and aggrieved by Defendant USFS's failure to provide responsive records to its FOIA request described above.

37. AWHC has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

38. AWHC is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for AWHC, providing the following relief:

1. Declare Defendant USFS has violated FOIA by failing to provide AWHC with all non-exempt records responsive to its July 21, 2020, FOIA request.

2. Declare Defendant USFS has violated FOIA by failing to complete an adequate

search for records responsive to AWHC's July 21, 2020, FOIA request.

3. Direct by injunction that Defendant USFS perform an adequate search for records responsive to its July 21, 2020, FOIA request and provide AWHC with all non-exempt responsive records to AWHC's July 21, 2020, FOIA request.

4. Grant AWHC's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 20th day of January, 2022.

Respectfully submitted,

 /s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
Quaranto & Associates LLC
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485
lance.d.quaranto@gmail.com

**Attorney for Plaintiff**